GERALD SINGLETON, SBN 208783
JESSICA McHARRIE, SBN 280049
SINGLETON LAW FIRM, APC
115 West Plaza Street
Solana Beach, CA  92075
Tel.   (760) 697-1330
Fax.   (760) 697-1329
Email.   gerald@geraldsingleton.com
         jessmcharrie@gmail.com


TODD T. CARDIFF, SBN 221851
LAW OFFICE OF TODD T. CARDIFF
1901 First Avenue, Suite 219
San Diego, CA  92101
Tel:  (619) 546-5123
Fax:  (619) 546-5133
Email:  todd@tcardifflaw.com

Attorneys for Defendant Bryan Pease

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO PUPPY, INC., a California corporation; DAVID SALINAS and VERONICA SALINAS, husband and wife;<br><br>        Plaintiffs,<br><br>        v.<br><br>THE CITY OF SAN DIEGO, et. al.<br><br>        Defendants. | Case No. 13cv2783-BTM (DHB)<br><br>**DEFENDANT BRYAN PEASE'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[FEDERAL RULES CIV. PROC. § 12(b)(6)]**<br><br>Date:   November 14, 2014<br>Time:   11:00 a.m.<br>Dept:   15B<br>Judge:   Hon. Barry Ted Moskowitz<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

1

**TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** that on November 14, 2014 at 11:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 15B of the above-captioned Court, Defendant BRYAN PEASE, by and through his attorneys of record, will and hereby does move this Court for an order dismissing Plaintiffs' DAVID and VERONICA SALINAS First Amended Complaint with prejudice for failure to state a claim upon which relief can be granted.

Defendant PEASE brings this motion on the ground that the remaining claim, Count VI, is impermissibly vague and the federal cause of action brought by Plaintiffs fails to state plausible claim for relief against Defendant Pease under 42 USC § 1985.  In addition, the First Amended Complaint fails to constitute a complete complaint.  (FRCP 8(a); Cal. Fed. Rules of Court 15-2.)

The motion will be based on this notice and motion, the memorandum of points and authorities below, the entire file in the case; the Order of this Court filed on September 11, 2014, the amendment to the complaint filed by Plaintiffs on September 23, 2014, and upon such oral and documentary evidence that this Court may receive at the hearing (if any) on this motion.

Respectfully submitted,

SINGLETON LAW FIRM, APC
LAW OFFICE OF TODD T. CARDIFF

Dated:  October 14, 2014                 By:     _/s/ Todd T. Cardiff_____
                                                         GERALD SINGLETON
                                                         TODD T. CARDIFF
                                                         Attorneys for Defendant BRYAN PEASE

1

## TABLE OF CONTENTS

2
**I.    INTRODUCTION** ...............................................................................1

3

**II.  PROCEDURAL AND FACTUAL HISTORY** ......................................2

4

    **A.    The Initial Complaint and Order Dismissing Count VI.** ...................2

5

    **B.    Plaintiffs' First Amended Complaint** ...............................................3

6

**III. STANDARD OF REVIEW** ...................................................................4

7

**IV. ARGUMENT** .......................................................................................5

8

    **A.    Plaintiffs' Amended Complaint Fails to Identify a Protected Right**

9

    **or Invidious Discrimination of a Protected Class.** ..............................5

10

    **B.    The First Amended Complaint Still Fails to Allege a Conspiracy**

11

    **with Sufficient Detail to Survive a Motion to Dismiss.** ......................7

12

    **C.    The Section 1985 Claim is Fatally Flawed Because Plaintiffs**

13

    **Voluntarily Dismissed the Section 1983 Claim Against the City of San**

14

    **Diego** ......................................................................................................8

15

    **D.    Plaintiffs First Amended Complaint Fails to Constitute A Complete**

16

    **and Sufficient Pleading Under the Law** ..............................................9

17

**V.  CONCLUSION** ..................................................................................10

18

19

20

21

22

23

24

25

26

27

28

i

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal* (2009) 556 U.S. 662 ........................................................4

*Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544............................4, 5, 7

*Borregard v. National Transp. Safety Bd.* (1995) 46 F.3d 944 ...................6

*Brown v. Philip Morris, Inc.*(3d Cir. 2001) 250 F.3d 789 ...........................5

*Caldeira v. County of Kauai* (9th Cir. Haw. 1989) 866 F.2d 1175 ............8

*Cassettari v. Nevada County, Cal.* (9th Cir. 1987) 824 F.2d 735 .............8

*Dichter-Mad Family Partners, LLP v. United States* (9th Cir. 2013)
   709 F.3d 749 ......................................................................................4, 9

*Griffin v. Breckenridge* (1971) 403 U.S. 88 ...............................................5

*Papasan v. Allain* (1986) 478 U.S. 265 ......................................................4

*Sanders v. Kennedy* (9th Cir. 1986) 794 F.2d 478.......................................4

*Sanford v. MemberWorks, Inc.* (9th Cir. 2010) 625 F.3d 550 ..................10

*United Bhd. of Carpenters & Joiners, Local 610 v. Scott* (1983) 463 U.S. 825 ........5

**Statutes**

42 United States Code § 1983..............................................................2, 5, 8

42 United States Code § 1985.............................................................passim

Federal Rules of Civil Procedure § 12.................................................1, 2

Federal Rules of Civil Procedure § 8 ......................................................9

**Rules**

Cal. Federal Rules of Court 15-2 ...............................................................9

DEFENDANT PEASE'S NOTICE OF MOTION AND MOTION TO DISMISS (FRCP 12(b)(6))

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiffs David and Veronica Salinas, and San Diego Puppy Inc. brought a case targeting the quintessential democratic experience:  citizens petitioning the government to redress their grievances and the government responding by passing a law to address such grievances.  In this case, citizens alarmed by the large number of homeless dogs and cats being euthanized in animal shelters and the inhumane practices of  "puppy mills", banded together to lobby the City of San Diego to address the problem.   The City Council responded by passing a law prohibiting the commercial sale of companion animals (dog, cats and rabbits) in pet stores, with the exception of animals obtained from shelters.  (San Diego Municipal Code (SDMC) § 42.0706.)  Moving Party, Defendant BRYAN PEASE is the attorney representing one of the citizen groups supporting the ordinance - - ANIMAL PROTECTION AND RESCUE LEAGUE.

Plaintiffs have every right to make their case before the voters or the City Council and correct what they believe are the alleged misstatement of the citizenry. Plaintiffs have every right to seek repeal of a law that they believe is unjust.  They do not have the right to file a frivolous lawsuit against citizens and organizations for participating in democracy.  They did not and do not have the right to sue BRYAN PEASE, who simply represented the interest of his client before the City Council, as any competent public interest attorney would do.

As will be discussed below, the Plaintiffs' allegation(s) made in the "amendment" to the initial complaint do not address the deficiencies in the complaint identified by this Court's order filed on September 11, 2014.  (File Doc. # 52 at pp. 13-17.)  In addition, the First Amended Complaint cannot survive Plaintiffs' voluntary  dismissal of the City of San Diego.  The complaint must be dismissed with prejudice.

## II.

## PROCEDURAL AND FACTUAL HISTORY

### A.     The Initial Complaint and Order Dismissing Count VI.

On November 25, 2013, Plaintiffs SAN DIEGO PUPPY, INC. and DAVID and VERONICA SALINAS (husband and wife) filed a 12 Count, 249 paragraph, 64 page complaint for declaratory and injunctive relief and damages (including 10 exhibits combining for an additional 84 pages).  The gravamen of the complaint was that "Activist Defendants" conspired with each other and the City of San Diego to pass a law, San Diego Municipal Code § 42.0706, outlawing the sale of puppies, kittens and rabbits in commercial pet shops.  Plaintiffs contended that the ordinance was specifically enacted to put San Diego Puppy Inc. out of business and not targeting the City of San Diego's expressly stated concerns of reducing the number of homeless cats, dogs and rabbits that end up in shelters and are eventually euthanized.  (See File Doc #1, Complaint ¶ 106; See also Complaint ¶ 82; SDMC § 42.0706.)  Defendant PEASE and other defendants filed anti-SLAPP motions and moved to dismiss pursuant to Federal Rules of Civil Procedure § 12(b)(6).  (See File Doc. 17.)

On September 11, 2014, the Court issued an order granting Defendants APRL, CAPS and PEASE's anti-SLAPP Motions.  (File Doc #52.)  The Court also granted Defendants' Motions to Dismiss Count VI (42 USC § 1985) under Federal Rules of Civil Procedure section 12(b)(6) holding the following:

1.     Plaintiffs failed to allege that they were deprived a protected right;  (Doc. 52 at p. 16:19 to 17:15)

2.     Plaintiffs failed to plausibly allege that Defendants were motivated by a qualifying class-based (or racial) animus;  (Id. at 16:6-21.)

3.     Plaintiffs' dismissal of the 42 USC § 1983 against the City of San Diego creates an evidentiary flaw in the Section 1985 claim.  (Id. at 17:15 to

20.)

The Court granted Defendant's PEASE motion to dismiss, without prejudice, and granted Plaintiffs 15 days to amend the complaint.

### B.    Plaintiffs' First Amended Complaint.

Plaintiffs sought to amend the complaint by apparently amending solely paragraph 170 of the complaint. (File Doc 54.)  Paragraph 170 in the original Complaint stated;

> Title 42 of the United States Code Section 1985 prohibits any two or more persons in any State from conspiring to deprive any person the equal protection of the laws, or to injure any citizen in person or property on account of such support or advocacy.

(File Doc. 1)

Paragraph 170 in the First Amended Complaint states:

> Title 42 of the United States Code Section 1985 prohibits any two or more persons in any State from conspiring to deprive any person the equal protection of the laws, or to injure any citizen in person or property on account of such support or advocacy.  Plaintiffs were injured by the practices of Defendants when they accused David Salinas of being a *criminal, a sleazy character engaged in acts of animal cruelty*, and an *animal abuser* (SEE ATTACHED EXHIBITS), without any evidence or facts to prove their accusations.

(File Doc. 54.)

Plaintiffs attached three photographs of people holding up banners or wearing signs critical of David Salinas.  The photographs lack any identification, such as who took the photographs, who is in the photographs, or when and where the photographs were taken.  (File Doc. 54-2, 54-3, 54-4.)  The amended complaint also attached the declaration of David Salinas stating that he has never been convicted of any crimes, stating his status as a dog owner, his love of all animals and that he has never engaged in animal cruelty.  (File Doc. 54-5.)

3

1    "When an amended complaint is filed, the previous complaint is rendered

2    null and void, and only the amended complaint remains legally operable."

3    (*Dichter-Mad Family Partners, LLP v. United States* (9th Cir. 2013) 709 F.3d 749,

4    790.)  So arguably, the entire complaint consists solely of the documents filed by

5    Plaintiffs on September 23, 2014.  (File Doc. 54.)    The deficient form of the

6    amendment leaves serious questions on how Defendants are supposed to respond,

7    in the unlikely event that the court fails to grant the motion to dismiss.

8          However, considering the law of the case doctrine, it probably does not

9    matter whether the amended complaint is viewed in isolation or in conjunction

10   with the initial complaint.  The pertinent question is whether Plaintiffs' First

11   Amended Complaint satisfies the deficiencies identified by this Court in its

12   September 11, 2014 ruling granting Defendants' motions to dismiss.  (File Doc.

13   52.)  As discussed below, Plaintiffs' First Amended Complaint fails to satisfy the

14   requirements for a claim under 42 USC § 1985.

15                                **III.**

16                         **STANDARD OF REVIEW**

17         Faced with a motion to dismiss, the court construes the pleading in a light

18   most favorable to the non-moving party and all material allegations are taken to be

19   true.  (*Sanders v. Kennedy* (9th Cir. 1986) 794 F.2d 478, 481.)  However, even

20   under the liberal pleading requirements, "a plaintiff's obligation to provide the

21   grounds of his entitlement to relief requires more than labels and conclusion, and a

22   formulaic recitation of the elements of a cause of action will not do."  (*Bell Atlantic*

23   *Corp. v. Twombly* (2007) 550 U.S. 544, 554 (citing *Papasan v. Allain* (1986) 478

24   U.S. 265, 286).)  A plaintiff must allege "enough facts" to "nudge[] [the] claim[s]

25   across the line from conceivable to plausible."  (*Twombly,* at 570.)  "The

26   'plausibility standard' is not akin to a probability requirement, but it asks for more

27   than a sheer possibility that a defendant has acted <u>unlawfully</u>."  (*Ashcroft v. Iqbal*

28   (2009) 556 U.S. 662, 678 (emphasis added).)

Furthermore, the facts must actually satisfy the elements of the cause of action.  (See e.g., *Twombly*, *supra*, 550 U.S, at 555.)  Thus, the question is not only whether the facts are plausible, but whether the facts alleged satisfy all the elements of a cause of action.

## IV.

## ARGUMENT

### A.    Plaintiffs' Amended Complaint Fails to Identify a Protected Right or Invidious Discrimination of a Protected Class.

Plaintiffs fail to meet the requirements for pleading a conspiracy under 42 U.S.C. § 1985, their sixth cause of action. (Doc. 54; Complaint ¶ 170.)   Section 1985(3) confers a private cause of action for injuries occasioned by conspiracies to deprive any person or class of persons of the equal protection of the laws. (42 U.S.C. § 1985(3) .)   In order to state a Section 1985(3) claim, plaintiffs must allege: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.  (*Griffin v. Breckenridge* (1971) 403 U.S. 88, 102-103.)

However, Section 1985 does not by itself create any substantive rights but "serves only as a vehicle for vindicating federal rights and privileges which have been defined elsewhere." (*Brown v. Philip Morris, Inc.*(3d Cir. 2001) 250 F.3d 789, 805.)  There must be a violation of a federally protected right.   Further, to satisfy the elements of a Section 1985 claim, plaintiffs must allege not only the deprivation of a protected right, but also that such deprivation was motivated by some racial or class-based, invidious discrimination.  (*United Bhd. of Carpenters & Joiners, Local 610 v. Scott* (1983) 463 U.S. 825, 829.)

1    This Court already ruled that the initial complaint failed to identify a

2  protected right or that defendants were motivated by a qualifying class-based

3  animus.  (Doc. 52 at 16:6-22.)  This Court held "Plaintiff's do not plausibly suggest

4  a racial motivation behind the alleged conspiracy. " (Doc. 52 at 16:10-11.)   Instead

5  it was political activity targeting commercial pet stores potentially selling animals

6  from "puppy mills".  (Doc. 1, complaint ¶ 82.)

7    This Court further held, "Section 1985 does not reach conspiracies based on

8  economic or commercial views, status, or activities."  (Doc. 52 at 16:22 to 17:15

9  (quoting *Graham v. Henderson* (2d Cir. 1996) 89 F.3d 75, 82 and other cases.)  As

10  this Court pointed out, "The 'liberty' that the Constitution protects does not include

11  choice of occupation."  (Doc. 52 at 17:13-15 (quoting *Borregard v. National*

12  *Transp. Safety Bd.* (1995) 46 F.3d 944, 947.)  Thus, even if owning a pet store that

13  specifically sold pure breed dogs, cats, and rabbits obtained from commercial

14  breeders could be considered an "occupation," such occupation is a not a protected

15  right.

16    Plaintiffs' amendment of Paragraph 170 fails to identify a federally protected

17  right or any class based animus.  Plaintiffs added the following phrase "Plaintiffs

18  were injured by the practices of Defendants when they accused David Salinas of

19  being a *criminal, a sleazy character engaged in acts of animal cruelty*, and an

20  *animal abuser.*"  (File Doc. 54.)   Nothing in such allegation identifies a protected

21  right or a protected class.

22    To the extent that Plaintiff David Salinas's declaration is somehow

23  incorporated into the complaint, the only relevant "facts" would be Mr. Salinas'

24  claim to be a dog owner and the claim that he loves all animals.  However, an

25  animal owner or animal lover is not a protected class or right.  Further, it is not

26  plausible that Defendant BRYAN PEASE, who represents ANIMAL

27  PROTECTION AND RESCUE LEAGUE, is targeting animal lovers.

28

6

1
2

### B.   The First Amended Complaint Still Fails to Allege a Conspiracy with Sufficient Detail to Survive a Motion to Dismiss.

3
4
5
6
7
8
9
10
11

Aside from the elemental flaw in Plaintiffs' First Amended Complaint to identify both a protected right and a protected class, the First Amended Complaint continues to remain fatally ambiguous as to the elements of the illegal conspiracy. Like the original Complaint, the First Amended Complaint "mention[s] no specific time, place, or person involved in the alleged conspiracies" and "furnish[es] no clue as to … [who] supposedly agreed, or when and where the illicit agreement took place." (*Twombly, supra,* 127 S.Ct. at 1971 n. 10.)   Plaintiffs remaining Sixth Cause of Action should be dismissed with prejudice because Plaintiffs clearly cannot amend the complaint to satisfy the elements of a Section 1985 claim.

12
13
14
15
16
17
18
19

The Photographs incorporated into the First Amended Complaint provide nothing to support the Section 1985 claim.  Even assuming that such photographs demonstrated libel and slander, instead of protected political speech and opinion, there is no foundation for the photographs. [1]  The complaint lacks any facts as to the time, place, or persons shown in the photographs.  There is certainly no allegation or evidence that Defendant BRYAN PEASE or any of the defendants held such signs, created such signs or were involved in a criminal conspiracy with the protestors displayed in the photographs.

20
21
22
23
24

Furthermore, based on the initial pleadings, there is an utter lack of specific facts to establish that Defendant BRYAN PEASE was involved in any conspiracy to <u>illegally</u> deprive Plaintiffs of equal protection under the law.  Plaintiffs were given an opportunity to allege sufficient facts and clearly lack the ability to plead a

25
26
27

[1] Plaintiffs admit in the initial complaint to selling pure breed puppies in the City of San Diego until the City threatened judicial action on October 1, 2013, despite the prohibition. Therefore, Plaintiffs were arguably engaging in criminal conduct.  (Doc. 1, Complaint ¶ 91 & fn. 25.)

28

1 colorable claim under 42 USC § 1985.  The Court should grant the motion and

2 dismiss the complaint, with prejudice, against Defendant Attorney BRYAN PEASE

3 and all the defendants.

4

5        **C.     The Section 1985 Claim is Fatally Flawed Because Plaintiffs**

              **Voluntarily Dismissed the Section 1983 Claim Against the City of**

6               **San Diego.**

7      Plaintiffs' section 1985 claim is predicated on the action of the City of San

8 Diego passing an ordinance which allegedly denied Plaintiffs their Constitutional

9 rights.  (Doc. 1, Complaint ¶ 164.)   However, the section 1983 claim was dismissed

10 voluntarily by Plaintiffs.  (Doc. 33.)  The Court expressed doubt whether a Section

11 1985 claim could survive absent the 42 USC § 1983 claim against the City.  (Doc.

12 52 at 17:15-20 (citing *Caldeira v. County of Kauai* (9th Cir. Haw. 1989) 866 F.2d

13 1175, 1182.)  It cannot.  Plaintiffs' First Amended Complaint should be dismissed

14 with prejudice.

15      A Section 1983 claim is predicated on the deprivation of a protected federal

16 right under "color of any statute, ordinance, regulation, custom, or usage"  (42 USC

17 § 1983).  In this case, Plaintiffs allege that the ordinance enacted by the City

18 Council "deprive[d] Plaintiffs of their business interests and personal occupational

19 liberty."  (Doc. 1, Complaint ¶ 160; See also Complaint 161.)  Similarly, Count VI

20 is based on a conspiracy of "all defendants" to enact the ordinance and thereby

21 deprive Plaintiff of their business interests and personal occupational liberty.  (Doc.

22 1, Complaint ¶ 181.)   Thus, the section 1983 and the section 1985 claims are based

23 on the same allegations.

24      The Courts have squarely held "The absence of a section 1983 deprivation of

25 rights precludes a section 1985 conspiracy claim predicated on the same

26 allegations."  (*Caldeira, supra,* 866 F.2d at 1182  (citing *Cassettari v. Nevada*

27 *County, Cal.* (9th Cir. 1987) 824 F.2d 735, 739).)   This makes logical sense.  One

28 cannot be liable for conspiring with a state agency to deprive a person of equal

protection under the law, without a claim that the state agency actually deprived a federally protected right under color of law.  Thus, because Plaintiffs dismissed the Section 1983 claim against the City of San Diego, a conspiracy claim under Section 1985 based on the same operative facts must likewise be dismissed.

### D.    Plaintiffs First Amended Complaint Fails to Constitute A Complete and Sufficient Pleading Under the Law.

Plaintiffs undoubtedly believed that they would simply amend a single paragraph of the complaint to overcome the Motion to Dismiss.  However, they were required, under Cal. Federal Rules of Court, to submit a full and complete pleading.   Plaintiffs woefully inadequate pleading is subject to a motion to dismiss under FRCP § 12(b)(6).

The rule is very simple.  "Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseded pleading."  (Cal. Federal Rules of Court 15-2.)  "When an amended complaint is filed, the previous complaint is rendered null and void, and only the amended complaint remains legally operable." (*Dichter-Mad Family Partners, LLP v. United States* (9th Cir. 2013) 709 F.3d 749, 790.)   In fact, allegations not re-pleaded in the first amended complaint should be considered waived.  (*Id*.)   The First Amended Complaint cannot, expressly or impliedly, rely on the allegations of the initial complaint.

What this means is that the Court is left with a First Amended Complaint that has a single allegation that fails to identify the Federal Court's jurisdiction, the identity of the plaintiffs, the identity of defendants, the actions entitling plaintiffs for relief and any relief desired.  (FRCP § 8(a).)  At best, if one liberally construed the First Amended Complaint to include the allegations in David Salinas' declaration and the exhibits, it <u>might</u> raise a claim for slander and liable, if such speech was not protected by the First Amendment and subject to California's Anti-

1   SLAPP statute.   However, slander and libel are state claims, not federal claims, and

2   the Court should dismiss the claim based on lack of jurisdiction.  (*Sanford v.*

3   *MemberWorks, Inc.* (9th Cir. 2010) 625 F.3d 550, 561.)

4

5                                          **V.**

6                                   **CONCLUSION**

7          Defendant BRYAN PEASE'S as well as all other Defendants' Motions to

8   Dismiss should be granted.  Plaintiffs' amendment was completely ineffective at

9   resolving the deficiencies in the initial complaint.  Plaintiffs have not and cannot

10  state facts demonstrating that they have been deprived a federally protected right or

11  that the actions of defendants are the result of invidious racial or class-based

12  animus.  Plaintiffs have failed to state facts sufficient to show that Defendant

13  BRYAN PEASE was involved in a conspiracy to deprive Plaintiffs of federally

14  protected rights.  The First Amended Complaint should be dismissed with

15  prejudice.

16

17

18                                    SINGLETON LAW FIRM, APC
19                                    LAW OFFICE OF TODD T. CARDIFF

20  Dated:  October 14, 2014         By:    */s/ Todd T. Cardiff*
21                                          GERALD SINGLETON
22                                          TODD T. CARDIFF
                                     Attorneys for Defendant BRYAN PEASE
23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2
        I certify under penalty of perjury that I am over the age of 18 years and not a

3
party to this action.  I caused the foregoing

4
      **DEFENDANT BRYAN PEASE'S NOTICE OF MOTION AND**

5
**MOTION TO DISMISS; MEMORANDUM OF POINTS AND**

6
**AUTHORITIES**

7

8
to be served on all parties who have appeared in the action, by electronic filing.

9
        I also served the above documents on Plaintiffs David and Veronica Salinas

10
at the following address by First Class Mail by enclosing the above listed document

11
in an envelope at the following address with postage pre-paid and depositing a copy

12
of document for collection on mailing at the Law Office of Todd T. Cardiff.

13
        David and Veronica Salinas

14
        7863 Gribble Street
        San Diego, CA  92114

15
        I declare under penalty of perjury that the foregoing is true and correct.

16
Executed on October 14, 2014, in the City of San Diego.

17

18
                  By:    */s/ Todd T. Cardiff*

19
                        Todd T. Cardiff

20

21

22

23

24

25

26

27

28