# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO PUPPY, INC., a California corporation; DAVID SALINAS and VERONICA SALINAS, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO ANIMAL DEFENSE TEAM, business entity of unknown form; ANIMAL PROTECTION AND RESCUE LEAGUE, a California 501(c)(3) corporation; COMPANION ANIMAL PROTECTION SOCIETY, Delaware non-profit corporation; BRYAN PEASE, a California resident,<br><br>Defendants. | Case No.: 13-cv-2783-BTM-DHB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Defendants have filed motions to dismiss Plaintiffs' First Amended Complaint ("FAC"). Plaintiffs also filed what the Court considers as a motion

1

for leave to amend the First Amended Complaint and a proposed Second Amended Complaint ("SAC").  For the reasons discussed below, each Defendant's motion to dismiss is **GRANTED** and Plaintiffs' motion for leave to amend the First Amended Complaint is **DENIED**.

## I.   BACKGROUND

On November 25, 2013, Plaintiffs filed their original complaint.  On September 11, 2014, this Court gave Plaintiffs leave to file an amended complaint only as to Count VI, which alleged a violation of 42 U.S.C. § 1985. Order at 14-18.  On September 23, 2014, Plaintiffs filed a two-page First Amended Complaint as to Count VI, alleging that Defendants had accused Plaintiff David Salinas of being "a criminal, a sleazy character engaged in acts of animal cruelty, and an animal abuser."  FAC at 2.  On October 14, 2014, Defendants Bryan Pease ("Pease"), the Animal Protection and Rescue League ("APRL"), and the Companion Animal Protection Society ("CAPS") each filed a motion to dismiss Plaintiffs' First Amended Complaint.

On November 6, 2014, Plaintiffs filed what the Court considers as a motion for leave to amend their First Amended Complaint, and a proposed Second Amended Complaint.  In addition to the allegations already set forth in their original complaint and their First Amended Complaint, Plaintiffs allege

in their Second Amended Complaint that Defendants formed a secret Facebook group to plan activities against Plaintiffs. SAC at 9.

## II.   STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc., v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] that the pleader is entitled to relief." Ashcroft v. Iqbal, 565 U.S. 662, 679 (2009) (internal quotation marks omitted). Only

1  a complaint that states a plausible claim for relief will survive a motion to
2  dismiss. Id.

### III.   DISCUSSION

Defendants move to dismiss Plaintiffs' First Amended Complaint for failure to state a claim. Having taken into consideration Plaintiffs' First Amended Complaint and proposed Second Amended Complaint, the Court agrees that dismissal is warranted.

To state a cause of action under 42 U.S.C. § 1985(3), the plaintiff must allege four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. United Bhd. of Carpenters & Joiners of Am. v. Scott, 463 U.S. 825, 828-829 (1983). In order to satisfy the second element, the conspiracy must also be motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Id. at 829 (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).

Plaintiffs allege that Defendants conspired to force the closure of

1  Plaintiffs' business, which sells pure-bred puppies, by supporting the
2  passage of an Ordinance (San Diego Health & Safety Municipal Code §
3  42.0706) that prohibits the sale of puppies not obtained from an approved
4  source (e.g., a California non-profit rescue or shelter).  SAC at 2-3.  Other
5  than a vague reference to a "playbook" captioned "A Guide to Using Local
6  Ordinances to Combat Puppy Mills," and a "secret group" on Facebook that
7  was created to organize protests at pet stores, Plaintiffs do not provide
8  sufficient facts to describe how exactly Defendants carried out their
9  conspiracy to try to shut down Plaintiffs' business.  SAC at 3, 9.  More
10 importantly, Plaintiffs fail to describe how they were deprived of a federally
11 protected right.  See Griffin, 403 U.S. at 102 (conspiracy must aim at a
12 deprivation of the equal enjoyment of rights secured by the law to all).

13      Plaintiffs allege that Defendants' conspiracy was "racially motivated"
14 towards Mexican-Americans and refer to a photo of people wearing masks
15 in the likeness of Plaintiff David Salinas with signs that state "Sleazy Salinas"
16 and "I Sell Animal Cruelty."  SAC at 7.  Plaintiffs fail to show how the
17 unidentified people in the photo are related to any of the Defendants.
18 Regardless, the Court is not convinced that referring to Plaintiff David Salinas
19 as "sleazy" demonstrates an invidious racial animus against Mexican-
20 Americans.  Plaintiffs also allege that Defendants' conspiracy was motivated

to gain a "market advantage for non-profits [that] sell puppies." SAC at 3. But 42 U.S.C. § 1985(3) does not concern conspiracies motivated by "economic or commercial animus." <u>United Bhd. of Carpenters & Joiners of Am.</u>, 463 U.S. at 837-38.

For the reasons discussed above, the Court finds that Plaintiffs fail to state a claim in their First Amended Complaint and their proposed Second Amended Complaint.

## IV.  **CONCLUSION**

Defendants' motions to dismiss the First Amended Complaint are **GRANTED**. Plaintiffs' First Amended Complaint is **DISMISSED** for failure to state a claim. Plaintiffs' motion for leave to amend the First Amended Complaint is **DENIED** as their proposed Second Amended Complaint is futile. Plaintiffs have essentially had three attempts to plead the same claim and there is no indication that Plaintiffs have other facts to allege to cure the deficiencies discussed above. Therefore, the Court denies Plaintiffs leave to amend their complaint for a fourth time. See <u>Carvalho v. Equifax Info. Servs., LLC</u>, 629 F.3d 876, 892-893 (9th Cir. 2010) (district court may exercise its discretion to deny leave to amend due to "repeated failure to cure deficiencies by amendments previously allowed" (citing <u>Foman v. Davis</u>, 371

U.S. 178, 182 (1962))).  The Court shall enter a final judgment of dismissal as to all Defendants.[1]

**IT IS SO ORDERED.**

Dated:  June 12, 2015

Barry Ted Moskowitz, Chief Judge
United States District Court

---

[1] It is unclear to the Court as to whether or not Plaintiffs intended to include San Diego Humane Society ("SDHS") as a Defendant.  Plaintiffs include SDHS in the caption of the First Amended Complaint and name them in the proposed Second Amended Complaint. But Plaintiffs voluntarily dismissed SDHS on January 17, 2014. Doc. No. 27. In any case, the final judgment of dismissal will apply to SDHS as well.