# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO PUPPY, INC., a California corporation; DAVID SALINAS and VERONICA SALINAS, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO ANIMAL DEFENSE TEAM, business entity of unknown form; ANIMAL PROTECTION AND RESCUE LEAGUE, a California 501(c)(3) corporation; COMPANION ANIMAL PROTECTION SOCIETY, Delaware non-profit corporation; BRYAN PEASE, a California resident,<br><br>Defendants. | Case No.: 13-cv-2783-BTM-DHB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR ATTORNEY'S FEES** |

Defendants have filed motions for attorney's fees. For the reasons discussed below, Defendants' motions for attorney's fees are **GRANTED IN PART** and **DENIED IN PART**.

1

13-cv-2783-BTM-DHB

## I.  BACKGROUND

On November 25, 2013, Plaintiffs filed their original complaint asserting twelve causes of action.  Defendants Animal Protection and Rescue League ("APRL"), Bryan Pease ("Pease"), and Companion Animal Protection Society ("CAPS") each brought a special motion to strike Plaintiffs' complaint pursuant to Cal. Civ. Proc. Code § 425.16.  On September 11, 2014, the Court granted each Defendant's special motion to strike and directed each Defendant to file a motion for attorney's fees.  The Court also gave Plaintiffs leave to file an amended complaint only as to Count VI, which alleged a violation of 42 U.S.C. § 1985.

On September 23, 2014, Plaintiffs filed a two-page First Amended Complaint ("FAC").  On November 6, 2014, Plaintiffs filed what the Court considered as a motion for leave to amend their FAC and a proposed Second Amended Complaint.  On June 12, 2015, the Court dismissed Plaintiffs' FAC and denied Plaintiffs' motion for leave to amend the FAC.

On June 29, 2015, the Court ordered the Singleton Law Firm to submit papers itemizing its attorney's fees in its representation of Defendant Pease.

//

//

//

## II.    LEGAL STANDARD

Defendants APRL, Pease, and CAPS each seek to recover the attorney's fees they incurred in connection with prosecuting the special motions to strike and the instant motions for attorney's fees.

As the prevailing parties on their special motions to strike, Defendants are entitled to reasonable attorney's fees and costs. Cal. Civ. Proc. Code § 425.16(c).  Defendants may recover attorney's fees and costs only for the motion to strike, not the entire litigation.  Christian Research Inst. v. Alnor, 165 Cal. App. 4th 1315, 1320 (2008) (citations omitted).

The amount of the prevailing party's reasonable attorney's fees is calculated by utilizing the lodestar method.  Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 978 (9th Cir. 2008). To calculate the "lodestar," the court multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable rate.  Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996).  There is a strong presumption that the lodestar figure represents a reasonable fee. Harris v. Marhoefer, 24 F.3d 16, 18 (9th Cir. 1994).

However, courts may adjust the lodestar figure upward or downward based upon the following factors enunciated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975): (1) the time and labor required, (2) the

novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.  "Among the subsumed factors presumably taken into account in either the reasonable hours component or the reasonable rate component of the lodestar calculation are: (1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, (4) the results obtained and (5) the contingent nature of the fee agreement." Morales, 96 F.3d at 364 n.9.

### III.   DISCUSSION

Plaintiffs argue that Defendants should not be granted attorney's fees because Plaintiffs have not acted in "bad faith."  Doc. 71 at 3.  But as the prevailing parties in their special motions to strike, Defendants are "entitled" to reasonable attorney's fees and costs.  Cal. Civ. Proc. Code § 425.16(c);

1  Christian Research Inst., 165 Cal. App. 4th at 1321.

2      Plaintiffs do not dispute the reasonableness of the hourly rates charged
3  or the number of hours billed by each of the attorneys who represented
4  Defendants APRL, Pease, and CAPS.

### A. Animal Protection and Rescue League ("APRL")

    Defendant Animal Protection and Rescue League ("APRL") is represented by attorneys David Simon ("Simon") and Bryan Pease ("Pease"). Simon's hourly rate is $425 per hour. Pease's hourly rate is $375 per hour. Based on the experience of the billing attorneys and standard rates in the community, the Court finds that the rates are reasonable. See Doc. 57, Simon Decl., Exh. A.

    APRL seeks attorney's fees in the amount of $67,959.38. Simon billed 40.25 hours at $425 per hour and Pease billed 75.20 hours at $375 per hour. Both attorneys requested a 1.5 lodestar multiplier to account for the contingent nature of their representation of APRL. As detailed below, the Court will not grant the full amount requested. The Court makes reductions for, among other things, excessive time spent on certain tasks and work that should not be billed to the client.

//

1. <u>David Simon's Fees</u>

| Date | Description | Time Billed | Time Allowed | Reason for Reduction |
|---|---|---|---|---|
| 12/13/13 | Review APRL filing | 0.35 | 0 | Vague description; presumably for opposition to TRO, work not related to motion to strike |
| 12/13/13 | Exchange emails with Pease re filing and hearing | 0.40 | 0 | Vague description; presumably for opposition to TRO, work not related to motion to strike |
| 12/13/13 | Review and research basis for Plaintiffs' TRO application | 2.00 | 0 | Work not related to motion to strike |
| 12/13/13 | Prepare for TRO hearing | 0.75 | 0 | Work not related to motion to strike |
| 12/13/13 | Participate in telephone hearing re TRO | 1.25 | 0 | Work not related to motion to strike |
| 1/10/14 | Review Plaintiffs' attorney's motion to withdraw | 0.35 | 0 | Work not related to motion to strike |
| 1/17/14, 2/5/14 | Review notice of voluntary dismissal against San Diego Humane Society, City of | 0.40 (0.20 for each voluntary dismissal) | 0.10 | Each notice was less than one-page and did not require more than a minute to review |

|  | | | | |
|---|---|---|---|---|
|  | San Diego; related emails | | | |
| 1/23/14 | Review and reply to multiple emails from counsel; reply to email from Singleton | 0.45 | 0 | Vague description; presumably work not related to motion to strike since already filed |
| 1/30/14 | Review joint motion to extend time to respond | 0.20 | 0.10 | Joint motion less than two pages long would take no more than a few minutes to review |
| 2/13/14 | Review email from court clerk; email and phone call with Pease re same | 0.40 | 0 | Vague description |
| 2/14/14 | Review numerous emails re changing date of anti-SLAPP hearing | 0.20 | 0.10 | Scheduling a hearing should not require the requested time |
| 2/18/14 | Review email from court clerk; email Pease re same | 0.20 | 0 | Vague description |
| 2/22/14 | Phone call with Pease | 0.20 | 0 | Vague description |
| 3/3/14 | Phone call and email with Pease re case status | 0.35 | 0 | Vague description |
| 3/8/14, 3/19/14, 3/27/14 | Review order scheduling settlement | 0.60 | 0.10 | Scheduling orders not substantive that requires time |

| Date | Description | Time Billed | Time Allowed | Reason for Reduction |
|---|---|---|---|---|
| | conference and calendar | | | to review; calendaring should not require requested time |
| 5/5/14, 5/6/14, 5/20/14 5/24/14 | Emails with Pease; review motion and orders re: Plaintiffs' attorney's motion to withdraw | 0.40 | 0 | Vague description; work not related to motion to strike |
| 9/23/14 | Download and review Plaintiffs' First Amended Complaint and exhibits | 0.35 | 0 | Work not related to motion to strike |
| 10/9/14 | Review and reply to emails from co-counsel re 12(b)(6) motion | 0.35 | 0 | Work not related to motion to strike |

Simon billed approximately 7.95 hours on the motion for attorney's fees. The Court finds that 5 hours would have been sufficient to prepare the motion for attorney's fees.

2. <u>Bryan Pease's Fees</u>

| Date | Description | Time Billed | Time Allowed | Reason for Reduction |
|---|---|---|---|---|
| 12/2/13, 12/3/13 | Review notice of deficiency from clerk | 0.20 (0.10 for each notice) | 0.10 | Notice is not a substantive notice or order that requires much time to review |

8

| | | | | |
|---|---|---|---|---|
| 12/12/13 | Review motion for TRO | 4.50 | 0 | Work not related to motion to strike |
| 12/12/13 | Review email from court clerk | 0.10 | 0 | Work not related to motion to strike; vague description |
| 12/13/13 | Opposition to TRO | 3 | 0 | Work not related to motion to strike |
| 12/13/13 | Review City of San Diego's Opposition to TRO | 1 | 0 | Work not related to motion to strike |
| 12/13/13 | Hearing on TRO | 1 | 0 | Work not related to motion to strike |
| 12/16/13 | Review order granting joint motion to extend time to respond and "minute entry for proceedings" | 0.20 | 0 | Order and minute entry not substantive that requires time to review |
| 12/11/13, 12/30/13, 1/30/13 | Review joint motion to extend time to respond | 0.30 (0.10 for each joint motion) | 0.10 | Each joint motion less than two pages long would take no more than a minute to review |
| 1/3/14, 2/5/14 | Review order granting joint motion to extend time to respond | 0.20 (0.10 for each order) | 0 | Three-sentence order not substantive that requires time to review |
| 1/10/14 | Review Plaintiffs' attorney's motion to withdraw | 2.50 | 0 | Work not related to motion to strike |
| 1/17/14 | Review order denying Plaintiffs' | 0.20 | 0 | Work not related to motion to strike; one-page order |

9

13-cv-2783-BTM-DHB

| Date | Description | Time | Allowed | Comment |
|---|---|---|---|---|
| | attorney's motion to withdraw | | | would take no more than a minute to review |
| 1/17/14 | Review Plaintiffs' attorney's notice of appearance | 0.10 | 0 | Work not related to motion to strike; notice is not substantive that requires time to review |
| 1/18/14, 2/5/14 | Review notice of voluntary dismissal against San Diego Humane Society, City of San Diego | 0.20 (0.10 for each voluntary dismissal) | 0.10 | Each notice was less than one-page and did not require more than a minute to review |
| 1/23/14 | Review Plaintiffs' attorney's motion to withdraw | 0.50 | 0 | Work not related to motion to strike |
| 1/23/14 | Review order to show cause re Plaintiffs' attorney's motion to withdraw | 0.20 | 0 | Work not related to motion to strike; one-paragraph order not substantive that requires time to review |
| 2/6/14 | Review order granting Plaintiffs' attorney's motion to withdraw | 0.20 | 0 | Work not related to motion to strike; one-page order would take no more than a minute to review |
| 2/14/14 | Email with court clerk and other attorneys re: scheduling hearing | 0.30 | 0.10 | Scheduling a hearing should not require the requested time |

| | | | | |
|---|---|---|---|---|
| 2/18/14 | Email with court clerk and other attorneys re: hearing off calendar | 0.20 | 0.10 | Canceling a hearing should not require the requested time |
| 3/3/14 | Email with court clerk and other attorneys re: status of anti-SLAPP ruling | 0.20 | 0.10 | Asking court re status of order should not require the requested time |
| 3/7/14 | Review order denying as moot San Diego Humane Society's motion to dismiss | 0.10 | 0 | Work not related to motion to strike |
| 4/24/14 | Review order to show cause re Plaintiffs' attorney failing to appear at ENE | 0.20 | 0.10 | Two-page OSC should not require the requested time |
| 5/2/14 | Review Plaintiffs' attorney's declaration in response to OSC | 0.30 | 0.10 | One-sentence declaration did not require more than a minute to review |
| 5/13/14 | Phone with clerk re: anti-SLAPP hearing off calendar, correspond with other attorneys | 0.50 | 0.10 | Vague description; canceling a hearing should not require the requested time |
| 5/20/14 | Review order re Plaintiffs' | 0.10 | 0 | Work not related to motion to strike |

11

13-cv-2783-BTM-DHB

|  |  |  |  |  |
|---|---|---|---|---|
|  | | attorney's motion to withdraw | | | |
|  | 5/23/14 | Review Plaintiffs' attorney's motion to withdraw | 0.50 | 0 | Work not related to motion to strike |
|  | 6/2/14 | Review order to show cause re Plaintiffs' attorney's motion to withdraw | 0.10 | 0 | Work not related to motion to strike |
|  | 7/12/14 | Review order granting Plaintiffs' attorney's motion to withdraw | 0.10 | 0 | Work not related to motion to strike |
|  | 8/25/14 | Review notice of substitution of attorney | 0.10 | 0 | Work not related to motion to strike |
|  | 9/18/14 | Review motion to substitute attorney | 0.10 | 0 | Work not related to motion to strike |
|  | 9/23/14 | Review Plaintiffs' First Amended Complaint | 0.40 | 0 | Work not related to motion to strike |
|  | 9/24/14 | Meeting with Cardiff re: FAC | 0.60 | 0 | Work not related to motion to strike |
|  | 9/30/14 | Review order re FAC | 0.1 | 0 | Work not related to motion to strike |

Simon projected that he would work 8 hours and Pease projected that he would work 12 hours to "draft reply papers and prepare for and participate

1 in hearing on fee motion." The Court finds that 3 hours each would have
2 been more than sufficient for Simon and Pease to analyze, research, and
3 draft the reply.

4     The Court finds the other hours spent to be reasonable. Taking into
5 account the reduction of hours detailed above, the Court will allow the
6 recovery of 23.5 hours worked by Simon at the hourly rate of $425 and 48.8
7 hours worked by Pease at the rate of $375, for a total of $28,287.50. The
8 Court finds that the hourly rate provides adequate and reasonable
9 compensation and a review of the <u>Kerr</u> factors does not support a lodestar
10 multiplier.

11

12 **B.** **<u>Bryan Pease ("Pease")</u>**

13     Defendant Bryan Pease ("Pease") is represented by attorney Todd T.
14 Cardiff ("Cardiff") and the Singleton Law Firm, APC. Cardiff's hourly rate is
15 $350 per hour. Attorneys Gerald Singleton ("Singleton") and Jessica
16 McHarrie ("McHarrie") and Paralegal Tyler Waters ("Waters") from the
17 Singleton Law Firm also represented Pease. Singleton's hourly rate is $650
18 per hour. McHarrie's hourly rate is $175 per hour. Waters' hourly rate is $65
19 per hour. Based on the experience of the billing attorneys and standard rates
20 in the community, the Court finds that the rates are reasonable except as to

Singleton for whom the Court finds $425 to be a reasonable hourly rate (the same as for David Simon).

Pease seeks attorney's fees in the amount of $33,475.00.[1] Cardiff billed 42 hours ($14,700.00) and requested a 1.3 lodestar multiplier to account for the contingent nature of his representation of Pease ($19,110.00). Cardiff also billed an additional 7 hours ($2450.00) for Pease's Reply to Plaintiffs' Opposition to Defendants' Motions for Attorney's Fees. Singleton billed 8.75 hours ($5687.50), McHarrie billed 35.4 hours ($6195.00), and Waters billed 0.5 hours ($32.50). The Singleton Law Firm did not request a lodestar multiplier. As detailed below, the Court will not grant the full amount requested. The Court makes reductions for, among other things, excessive time spent on certain tasks and work that should not be billed to the client.

//
//
//

---

[1] Pease's moving papers state $31,317.50 as the total amount of attorney's fees. However, the Singleton Law Firm corrected the number of hours it actually billed in its supplemental submission. Cardiff also billed additional time for drafting Pease's Reply to Plaintiffs' Opposition to Defendants' Motions for Attorney's Fees. Therefore, according to the Court's calculation, the correct total amount of attorney's fees sought is $33,475.00.

1. <u>Todd T. Cardiff's Fees</u>

| Date | Description | Time Billed | Time Allowed | Reason for Reduction |
|---|---|---|---|---|
| 12/12/13 | Telephone call with Plaintiffs' attorney | 0.10 | 0 | Vague description |
| 12/13/13 | Review and analyze TRO | 1.50 | 0 | Work not related to motion to strike |
| 12/13/13 | Review and analyze APRL's Opposition to TRO | 0.40 | 0 | Work not related to motion to strike |
| 12/13/13 | Review and analyze City of San Diego's Opposition to TRO | 0.80 | 0 | Work not related to motion to strike |
| 12/13/13 | TRO hearing and travel | 3.00 | 0 | Work not related to motion to strike |
| 12/19/13 | Review and analyze City of San Diego's discovery on Plaintiffs | 0.20 | 0 | Work not related to motion to strike |
| 12/20/13 | Review City of San Diego's Notice to Produce | 0.10 | 0 | Work not related to motion to strike |
| 1/10/14 | Review and analyze Plaintiffs' attorney's notice of motion to withdraw | 0.50 | 0 | Work not related to motion to strike |
| 1/31/14 | Telephone call with client re: | 0.30 | 0 | Vague description; work |

15

13-cv-2783-BTM-DHB

|  |  |  |  | |
|---|---|---|---|---|
|  | Plaintiffs and scheduling |  |  | not related to motion to strike |
| 2/3/14 | Review stipulation for City of San Diego to extend time to respond | 0.20 | 0 | Work not related to motion to strike |
| 5/4/14 | Review Plaintiffs' attorney's declaration re: failure to appear at settlement conference; discuss with client | 0.60 | 0 | Work not related to motion to strike |
| 9/23/14 | Review and analyze Plaintiffs' FAC | 0.40 | 0 | Work not related to motion to strike |
| 9/24/14 | Discuss with paralegal calendar for filing response to FAC; file maintenance | 0.10 | 0 | Work not related to motion to strike |
| 9/24/14 | Meeting with client to discuss FAC | 0.60 | 0 | Work not related to motion to strike |

Cardiff billed approximately 10.7 hours on the motion for attorney's fees and stated that he anticipates spending an additional 2.5 hours on the same fee motion. The Court finds that 5 hours would have been sufficient to

prepare the motion for attorney's fees.

Cardiff also billed 10 hours to draft Pease's Reply to Plaintiffs' Opposition to Defendants' Motions for Attorney's Fees. The Court finds that 5 hours would have been more than sufficient to analyze, research, and draft the reply.

2. <u>Gerald Singleton's Fees</u>

| Date | Description | Time Billed | Time Allowed | Reason for Reduction |
|---|---|---|---|---|
| 1/14/14 | Exchanged emails with client and emailed Tyler re issues raised by client | 0.10 | 0 | Vague description of emails and work not related to motion to strike |

The Court finds the other hours spent to be reasonable. Taking into account the reduction of hours detailed above, the Court will allow the recovery of 25 hours worked by Cardiff at the hourly rate of $350 ($8750.00). The Court finds that the hourly rate provides adequate and reasonable compensation and a review of the <u>Kerr</u> factors does not support a lodestar multiplier. The Court will also allow the recovery of an additional 5 hours ($1750.00) to Cardiff for drafting Pease's Reply to Plaintiffs' Opposition to Defendants' Motions for Attorney's Fees. The Court allows the recovery of 8.65 hours worked by Singleton ($3676.25), 35.4 hours worked by McHarrie

($6195.00), and 0.5 hours worked by Tyler ($32.50). In sum, the Court awards a total fee award of $20,403.75.

## C. Companion Animal Protection Society ("CAPS")

Defendant Companion Animal Protection Society ("CAPS") is represented by attorneys Gretel Smith ("Smith") and John T. Maher ("Maher"). Smith's hourly rate is $250 per hour. Maher's hourly rate is $350 per hour. Based on the experience of the billing attorneys and standard rates in the community, the Court finds that the rates are reasonable.

CAPS seeks attorney's fees in the amount of $18,087.50 (Smith billed 53.8 hours at $250 per hour and Maher billed 13.25 hours at $350 per hour).[2] As detailed below, the Court will not grant the full amount requested. The Court makes reductions for, among other things, excessive time spent on certain tasks and work that should not be billed to the client.

1. <u>Gretel Smith's Fees</u>

| Date | Description | Time Billed | Time Allowed | Reason for Reduction |
|------|-------------|-------------|--------------|----------------------|
| 12/2/13 | Email to/from Maher | 0.40 | 0 | Vague description of email before |

---

[2] CAPS' moving papers state that Maher billed 13.5 hours for a total amount of $4631.50 in attorney's fees. However, upon review of Maher's time details, it appears that Maher billed 13.25 hours for a total amount of $4637.50 in attorney's fees.

18

13-cv-2783-BTM-DHB

| Date | Description | | | |
|---|---|---|---|---|
| | | | | retainer agreement sent |
| 12/3/13 | Telephone call with Maher re: CAPS representation | 0.50 | 0 | Not a billable task |
| 12/6/13 | Draft and email retainer agreement | 0.60 | 0 | Not a billable task |
| 3/19/14, 4/15/14, 10/10/14 | Telephone call with court clerk re: hearing date | 0.60 (0.20 for each call) | 0.10 | Each call did not require more than a few minutes |
| 12/20/13, 12/23/13, 1/9/14, | Voicemail left for Plaintiffs' attorney | 0.60 (0.20 for each voicemail) | 0.10 | Each voicemail should not take twelve minutes; Vague description re: voicemail |
| 9/23/14 | Review First Amended Complaint ("FAC") | 0.50 | 0 | Work not related to motion to strike |
| 10/13/14 | Draft motion to dismiss FAC | 2.40 | 0 | Work not related to motion to strike |

2. <u>John T. Maher's Fees</u>

| Date | Description | Time Billed | Time Allowed | Reason for Reduction |
|---|---|---|---|---|
| 8/25/14 | Emails to Smith and "DH" and check docket for decision | 0.25 | 0 | Vague description of emails and not a billable task |

The Court finds the other hours spent to be reasonable. Taking into account the reduction of hours detailed above, the Court will allow the

recovery of 48.4 hours worked by Smith at the hourly rate of $250 and 13 hours worked by Maher at the hourly rate of $350, for a total of $16,650.00. No upward or downward adjustment to the lodestar amount is warranted.

## IV. CONCLUSION

For the reasons discussed above, Defendants' motions for attorney's fees are **GRANTED IN PART** and **DENIED IN PART**.  The Court awards Defendant Animal Protection and Rescue League attorney's fees in the amount of $28,287.50.  The Court awards Defendant Bryan Pease attorney's fees in the amount of $20,403.75.  The Court awards Defendant Companion Animal Protection Society attorney's fees in the amount of $16,650.00.  The Clerk shall enter judgment accordingly against Plaintiffs jointly and severally in the above amounts.

**IT IS SO ORDERED.**

Dated:  September 28, 2015

Barry Ted Moskowitz, Chief Judge
United States District Court