GERALD SINGLETON (SBN 208783)
BRODY A. McBRIDE (SBN 270852)
SINGLETON LAW FIRM, APC
115 West Plaza Street
Solana Beach, CA  92075
Tel:  (760) 697-1330
Fax:  (760) 697-1329
Email:  gerald@geraldsingleton.com
        brody@geraldsingleton.com

Attorneys for Defendant BRYAN PEASE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO PUPPY, INC., a California corporation; DAVID SALINAS and VERONICA SALINAS, husband and wife,<br><br>    Plaintiffs,<br><br>v.<br><br>SAN DIEGO ANIMAL DEFENSE TEAM, business entity of unknown form; ANIMAL PROTECTION LEAGUE, a California 501(c)(3) corporation; COMPANION ANIMAL PROTECTION SOCIETY, Delaware non-profit corporation; BRYAN PEASE, a California resident,<br><br>    Defendants. | Case No. 13-cv-2783-BTM-DHB<br><br>**DEFENDANT BRYAN PEASE'S SECOND AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR ATTORNEY'S FEES**<br><br>Judge: Hon. Barry Ted Moskowitz<br>Date:  November 13, 2015<br>Time:  11:00 a.m.<br><br>**PER CHAMBERS, NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

## I.

## INTRODUCTION

Defendant Bryan Pease ("Pease") moves for reconsideration of the Court's September 28, 2015 Order Granting in Part and Denying in Part Motions for Attorney's Fees, (ECF No. 78, "Order"), as it pertains to the hourly rate the Court assigned to one of Pease's attorneys, Gerald Singleton ("Singleton"). As set forth in the concurrently filed Declaration of Gerald Singleton, the requirements of Civil Local Rule 7.1.i. have been satisfied.

Defendant files this Second Amended Motion to correct ambiguity in the Original and First Amended motions regarding his alternative or "last resort request" for leave to withdraw the Motion for Attorney Fees (ECF No. 56). The Original and First Amended motions did not intend to withdraw any fees granted to other attorneys, including the awarded to Todd T. Cardiff, Esq. In filing this Second Amended Motion, Defendant wishes to make explicitly clear that his alternative request applies only to the fees of undersigned counsel, Singleton, and not to those awarded to Todd Cardiff or Jessica McHarrie.

## II.

## ARGUMENT

The entirety of the Court's analysis regarding Singleton's hourly rate provides: "Based on the experience of the billing attorneys and standard rates in the community, the Court finds that the rates are reasonable except as to Singleton for whom the Court finds $425 to be a reasonable hourly rate." (ECF No. 78 at 13-14.)

The Order does not take into account the Declaration that Singleton submitted in support of Pease's Motion for Attorney's Fees. (See ECF Nos. 56-2 and 76.) Nor does it take into account a declaration submitted by another attorney of comparable, albeit lesser, experience and skill, which supports Singleton's request for an hourly rate of $650. (See ECF Nos. 56-1.) Singleton's declaration not only attests to the reasonableness of his requested hourly rate, but it also includes a court order issued in an unrelated matter in which the Honorable M. James Lorenz, U.S. District Judge, found $650 per hour was a reasonable rate for Singleton's services. (See ECF No. 56-3.)

Importantly, as the Court noted in the Order: "Plaintiffs do not dispute the reasonableness of the hourly rates charged or the number of hours billed by each of the attorneys who represented . . . Pease . . . ." (ECF No. 78 at 5.)

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. Courts, however, may reconsider matters previously decided under Rule 60(b). See Osterneck v. Ernst & Whinney, 489 U.S. 169, 174 (1989); In re Arrowhead

Estates Development Co., 42 F.3d 1306, 1311 (9th Cir. 1994). Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005); Wood v. Ryan, 759 F.3d 1117, 1119 (9th Cir. 2014). A district court may properly reconsider and grant relief from a final judgment or order pursuant to Rule 60(b) if it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, the Court clearly erred in failing to set forth a "concise but clear explanation of its reasons" for reducing Singleton's hourly rate. See United States v. Moser, __ F.3d __, No. 13-55266 at 10 (9th Cir. Oct. 6, 2015) (quoting Chaudhry v. City of Los Angeles, 751 F.3d 1096, 1110 (9th Cir. 2014), cert. denied, 135 S. Ct. 295 (2014)). District courts must explain "why" an hourly rate it assigns to an attorney is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and repetition." Chaudhry, 751 F.3d at 1111; see also Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 980 (9th Cir. 2008) ("the district court erred by not identifying the relevant community, and by not explaining what was the prevailing hourly rate in that community for similar services by lawyers of reasonably comparable skill, experience and reputation").

The Court further clearly erred in that "[i]t failed to afford [Singleton]'s rate a presumption of reasonableness." Moser, __ F.3d __, No. 13-55266 at 10 (citing United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990) (holding that the district court must "presume . . . reasonable" an uncontested market fee rate supported by sufficient evidence)). "Affidavits of the [moving party's] attorney and other attorneys regarding prevailing fees in the community . . . are satisfactory evidence of the prevailing market rate." United Steelworkers of Am., 896 F.2d at 407. Because Singleton submitted multiple declarations attesting to the reasonableness of his requested hourly rate, along with a court order from an unrelated matter in which the Honorable M.

1  James Lorenz, U.S. District Judge, found $650 per hour was a reasonable rate for
2  Singleton's services, Singleton's requested hourly rate was entitled to a presumption of
3  reasonableness.  See Camacho, 523 F.3d at 979 (approving use of court orders within
4  "relevant community" as evidence to support requested hourly rates).

5  In conclusion, the Court should afford Singleton's requested rate a presumption of
6  reasonableness and amend its September 28, 2015 Order (and the Final Judgment entered
7  the same day) to grant Singleton's request for an hourly rate of $650 per hour.  The Court
8  should, at a minimum, amend the Order to provide a "concise but clear explanation of its
9  reasons" for reducing Singleton's hourly rate, in addition to explaining "why" a rate of
10 $425 per hour is "in line with those prevailing in the community for similar services by
11 lawyers of reasonably comparable skill, experience and reputation."

12 As a last resort, Pease requests leave to withdraw (or amend) the Motion for
13 Attorney Fees as to Gerald Singleton's fees only, and take nothing for his fees. Such
14 leave would only strike the fees to Attorney Gerald Singleton ($3,676.25) and not impact
15 the awarding of fees to the other Defense Counsel working for Defendant Bryan Pease,
16 such as the attorney fee award to Jessica McHarrie ($6,195) and Todd T. Cardiff ($8,750
17 + $1,750 = $10,500).   (ECF No. 78 at p. 17.)  The Judgment would be amended
18 accordingly, reducing the fee award for Defendant Bryan Pease from $20,403.75 to
19 $16,727.50

21 Dated:  October 13, 2015                    SINGLETON LAW FIRM, APC

22                                             By:   */s/ Gerald Singleton*
23                                                   Brody McBride, Esq.
                                                    Gerald Singleton, Esq.
24
                                              Attorneys for Defendant BRYAN PEASE