1  GERALD SINGLETON, SBN 208783
   JESSICA McHARRIE, SBN 280049
2  SINGLETON LAW FIRM, APC
3  115 West Plaza Street
   Solana Beach, CA  92075
4  Tel.  (760) 697-1330
5  Fax.  (760) 697-1329
   Email.  gerald@geraldsingleton.com
6          jessmcharrie@gmail.com

7
   TODD T. CARDIFF, SBN 221851
8  LAW OFFICE OF TODD T. CARDIFF
9  1901 First Avenue, Suite 219
   San Diego, CA  92101
10 Tel:  (619) 546-5123
   Fax:  (619) 546-5133
11 Email:  todd@tcardifflaw.com

12
13 Attorneys for Defendant Bryan Pease

14           UNITED STATES DISTRICT COURT

15         SOUTHERN DISTRICT OF CALIFORNIA

16
   SAN DIEGO PUPPY, INC., a            Case No. 13cv2783-BTM (DHB)
17 California corporation; DAVID
   SALINAS and VERONICA                **DEFENDANT BRYAN PEASE'S
18 SALINAS, husband and wife;          OPPOSITION TO PLAINTIFFS'
19                                      MOTION FOR RECONSIDERATION**
20            Plaintiffs,
                                        Assigned to:
21              v.                      Judge Barry Ted Moskowitz
22
   THE CITY OF SAN DIEGO, a            Referred to:
23 California municipality; SAN DIEGO   Magistrate Judge David H.Bartick
   ANIMAL DEFENSE TEAM, a
24 business entity of unknown form;    Date Filed: 11/25/2013
   ANIMAL PROTECTION AND              Date Terminated: 6/12/2015
25 RESCUE LEAGUE, a California
26 501(c)(3) corporation; COMPANION    Hearing Date: 12/11/2015
   ANIMAL PROTECTION SOCIETY,          Hearing Time: 11:00 a.m.
27 Delaware non-profit corporation;
28 BRYAN PEASE, a California

1  resident; SAN DIEGO HUMANE
   SOCIETY, a California corporation;
2  BLACK CORPORATIONS 1-100,
   inclusive; WHITE PARTNERSHIPS,
3  1-100, inclusive, and DOES 1-300,
   inclusive.
4

5          Defendants.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.  INTRODUCTION ............................................................................1

II.  ARGUMENT ...............................................................................2

    A.  The Motion for Reconsideration is Untimely...........................2

    B.  Plaintiffs Fail to Establish that the Anti-SLAPP Motions were Improperly Granted. .........................................................4

    C.  Plaintiffs Are Not Entitled to Relief for Gross Negligence When they Were Informed of the Date to File Opposition to Anti-SLAPP Motions and Did not Act to Preserve their Rights. .................5

    D.  Plaintiffs Cannot Complain About the Denial of Discovery When they Failed to Move to Open Discovery Under California Code of Civil Procedure Section 425.16(g). ...............................7

    E.  Plaintiffs' Allegations of Procedural Errors Not Only Lack Merit, but Emphasize the Utter Lack of Merit of the Plaintiffs' Complaint. ....10

    F.  Reconsideration Would Create Substantial Prejudice Depriving Plaintiffs the Benefits of the Anti-SLAPP Statute.......................11

    G.  Defendants are Entitled to Attorneys' Fees and Costs for Opposing this Motion for Reconsideration...........................................12

III.  CONCLUSION...........................................................................13

## Cases

*Batzel v. Smith* (9th Cir. 2003) 333 F.3d 1018 ....................................................4, 11

*Brae Transportation, Inc. v. Coopers & Lybrand* (9th Cir. 1986) 790 F.2d 1439.....9

*Casey v. Albertson's Inc.* (9th Cir. 2004) 362 F.3d 1254............................................5

*Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.* (10th Cir. 1983) 715
 F.2d 1442 .........................................................................................................4, 11

*Cmty. Dental Servs. v. Tani* (9th Cir. 2002) 282 F.3d 1164 ......................................6

*Contasti v. City of Solana Beach* (S.D. Cal. 2012)
 2012 U.S. Dist. LEXIS 94603 ............................................................................6, 7

*Copeland v. Marshall* (D.C. Cir. 1980) 641 F.2d 880.................................................13

*Corex Corp. v. United States* (9th Cir. Cal. 1981) 638 F.2d 119 ...........................2, 3

*Equilon Enter. v. Consumer Cause, Inc.* (2002) 29 Cal. 4th 53 ...............................12

*Global Telemedia Int'l, Inc. v. Doe 1* (C.D. Cal. 2001) 132 F. Supp. 2d 1261 .........9

*Ketchum v. Moses* (2001) 24 Cal. 4th 1122 ...............................................................12

*Lal v. California* (9th Cir. 2010) 610 F.3d 518...........................................................6, 7

*Latshaw v. Trainer Wortham & Co.* (9th Cir. 2006) 452 F.3d 1097 ..........................7

*Lloyd Corp. v. Tanner*, 407 U.S. 551.......................................................................4, 9

*Magic Laundry Servs. v. Workers United SEIU* (C.D. 2013) 2013 U.S. Dist. LEXIS
 53296 ..........................................................................................................................9

*Metabolife Int'l v. Wornick* (9th Cir. 2001) 264 F.3d 832 ...................................5, 12

*New.Net, Inc. v. Lavasoft* (C.D. Cal. 2004) 356 F. Supp. 2d 1090.............8, 9, 10, 11

*Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship* (1993) 507 U.S. 380 ..............6

*Rogers v. Home Shopping Network, Inc.* (C.D. Cal. 1999) 57 F. Supp. 2d 973 ...8, 9,
 10, 11

*Serrano v. Unruh* (1982) 32 Cal. 3d 621 ...................................................................13

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.* (9th Cir. Cal.
 1999) 190 F.3d 963.....................................................................................................11

*Wilcox v. Superior Court* (1994) 27 Cal. App. 4th 809 ............................................12

## Statutes

California Code of Civil Procedure § 425.16 ......................................................passim

## Rules

Federal Rules of Civil Procedure, Rule 60 .........................................................passim

Federal Rules of Civil Procedure, Rule 12 .......................................................8, 10

Federal Rules of Civil Procedure, Rule 56 .......................................................9, 10

# I. INTRODUCTION

Plaintiffs have made this a very time-consuming lawsuit for all involved. Having been put on notice just two days after the case's filing that the lawsuit constituted a strategic lawsuit against public participation (SLAPP), Plaintiffs dragged this case out for almost two years.  (ECF No. 3.)  Now, Plaintiffs wish to further extend a meritless lawsuit, not in the hopes of prevailing, but in the hopes of avoiding the <u>mandatory</u> attorney fee award under California Code of Civil Procedure section 425.16(c).

Plaintiffs' Motion for Reconsideration should be denied on numerous grounds.  The motion is exceedingly late, filed 21 months after failing to file oppositions to the Motions to Strike and 14 months after the ruling on the order granting the anti-SLAPP motions.  If Plaintiffs' attorneys failed to inform them of the risk and procedures for anti-SLAPP motions, Plaintiffs have a cause of action against their attorneys, not for overturning the judgment.

Overturning the judgment would gain nothing for plaintiffs.  Defendant Bryan Pease was sued because he was the <u>attorney</u> representing Animal Protection Rescue League (APRL), an animal rights organization, during the time that APRL sought the enactment of law to discourage what is commonly referred to as "puppy mills".  Nothing in Plaintiffs' Motion for Reconsideration somehow changes the fundamental nature of the lawsuit.  It remains a completely frivolous lawsuit targeting the lawful exercise of citizens' right to petition their elected officials to address a societal harm – puppy mills.

Once an anti-SLAPP motion is granted, defendants are automatically entitled to attorney's fees.  (Cal. Code Civ. Proc. § 425.16(c)(2).)  Re-litigating the anti-SLAPP motions will not change the law, and will simply subject Plaintiffs to additional fees.  In fact, attorneys' fees should be awarded for opposing the motion for reconsideration.

## II.  ARGUMENT

### A.  The Motion for Reconsideration is Untimely.

The first issue that the court should consider is whether the motion is untimely.  "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  (Fed. Rules of Civil Proc., Rule  60(c).)  Plaintiffs' Motion for Reconsideration seeks to overturn the Court's order granting the Anti-SLAPP motions, which was filed on September 12, 2014, more than 14 months ago.  (ECF No. 92-1at 2:15-17.)  The motion is untimely.

Plaintiffs imply that the motion is brought under FRCP 60(b)(6) and therefore it is not bound by the one year limitation period.  (ECF No. 92-1 at 2:3-5.)  Court construing Rule 60(b)(6) have held that the extraordinary circumstances must truly be "[another] reason justifying relief", not circumstances that falls under one of the other enumerated categories.  (*Corex Corp. v. United States* (9th Cir. Cal. 1981) 638 F.2d 119, 121.)

A review of the moving papers demonstrates that Plaintiffs are seeking relief based on what they perceive as "mistake, inadvertence, surprise or excusable neglect."  (FRCP 60(b)(1).)  For example, they claim that they were "under the mistaken impression they could avoid the fee award because the lawsuit was not brought in 'bad faith'"  (ECF No. 92-1 at 6:2-4.)   According to Plaintiffs' moving papers, "if they had been represented by competent counsel, they would have been warned early on of the obvious risk of anti-SLAPP motions and the strong likelihood that Defendants would have prevailed."  (ECF No. 92-1 at 2:10-12.)  These are claims of errors and omissions by counsel, not gross negligence supporting "another reason for justifying relief".  The time limitation in Rule 60(c) cannot be avoided by claiming an attorney's omission are gross negligence and therefore "extraordinary circumstances", and not mistake or inexcusable neglect.

1    (*Corex Corp. v. United States* (9th Cir. Cal. 1981) 638 F.2d 119, 121.)

2        Even *assuming arguendo* that the one year period did not preclude filing a

3    motion for reconsideration, Plaintiffs' delay is not reasonable.  Minimal due

4    diligence would have included consulting with their attorney about impending

5    deadlines, especially for dispositive motions.  Plaintiffs, in this case, were

6    informed of all the pending deadlines, including the deadline for filing oppositions

7    to the anti-SLAPP motions on February 5, 2014.  (ECF No. 28-2, Schlesinger Dec.

8    ¶ 8.)[1]  After being informed of such deadline, missing the deadline can hardly be

9    considered excusable neglect, let alone "gross negligence."

10       Further, the Court's order granting the anti-SLAPP motions and motions to

11    dismiss was filed on September 11, 2014, <u>a full seven months after the oppositions</u>

12    <u>were due</u>.  (ECF no. 52.)  There was never a request to file a late opposition during

13    the interim and then Plaintiffs sat on their right to file a motion for reconsideration

14    for another 14 months.

15       Further, David Salinas certainly did not lack the knowledge of the right to

16    file an opposition to the anti-SLAPP motions.  David Salinas' declaration, at best,

17    demonstrates a failure to appreciate the consequences of losing an anti-SLAPP

18    motion.  (ECF No. 92-2, Salinas Dec. ¶ 6.)  Plaintiffs state that they "did not

19    appreciate the dire consequences of their attorney's failure to oppose the anti-

20    SLAPP motions until they received the motions for attorney's fees in the mail."

21    (ECF no. 92-1 at 5:25-26.)  The alleged excuse for the incredible delay in seeking

22    reconsideration was the failure to understand the mandatory nature of an attorney

23    fee award that comes with an Anti-SLAPP motion.

24

25

---

26       [1] David and Veronica Salinas cannot claim ignorance of the opposition's due

27    date when the declaration was both served by both email and first class mail to
Plaintiffs.  (ECF No. 28-main)

28

### B.   Plaintiffs Fail to Establish that the Anti-SLAPP Motions were Improperly Granted.

Without going into any facts or law regarding the burden on Plaintiffs confronted with anti-SLAPP motions, Plaintiffs argue that because their attorneys were negligent or abandoned them, they are entitled to relief under Rule 60(b). (ECF No. 92-1 at 7:10-12.)  However, to show that the case is entitled to reconsideration requires a showing that the case has merit.  (*Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*(10th Cir. 1983) 715 F.2d 1442, 1445.) Because the case still does not have legal merit, the motion for reconsideration must be denied.

In this case, the court correctly found that the claims fell within the provisions of California's anti-SLAPP motion.  (ECF No. 52, at 5:12 to 6:26.) Thus, the burden fell on Plaintiffs to demonstrate both legally and through evidence a likelihood of prevailing on the merits.  (*Batzel v. Smith* (9th Cir. 2003) 333 F.3d 1018, 1024.)   There is no evidence or argument presented by Plaintiffs here that would sustain Plaintiffs' complaint in the face of the anti-SLAPP motions.

Attached to the Declaration are two exhibits showing photographs of protestors holding signs.   (ECF No. 92-2 Exhs A & B.)  While the significance of these exhibits is not argued, even if such evidence was admitted, it simply demonstrates expressive speech.  Such activity was discussed in the Court's order granting the anti-SLAPP motions, noting "Speech activities, e.g., protests, generally enjoy Constitutional protections even on certain privately owned property such as a strip mall and its parking lot. "  (ECF. No. 52 at 6:11-6:25 citing *Lloyd Corp. v. Tanner*, 407 U.S. 551 (1972) and other cases).  Although irrelevant, the declaration does not even establish that the photographs were of protestors on private property.  Such meager showing falls well short of demonstrating a reasonable probability of prevailing on the merits of the complaint.  The motion for

1   reconsideration presents no argument on why the claims would somehow fall

2   outside of the provisions of the anti-SLAPP statute.

3        One must question what would be gained by overturning the judgment and

4   allowing the motions to be "reconsidered".  The purpose of the anti-SLAPP statute

5   is to "allow early dismissal of meritless first amendment cases aimed at chilling

6   expression through costly, time-consuming litigation." (*Metabolife Int'l v. Wornick*

7   (9th Cir. 2001) 264 F.3d 832, 840.)   Allowing the reconsideration of the anti-

8   SLAPP motions without even a minimal showing of the merit in the underlying

9   complaint violates not only the interest in finality, but very purpose of anti-SLAPP

10  motions.

### C.   Plaintiffs Are Not Entitled to Relief for Gross Negligence When they Were Informed of the Date to File Opposition to Anti-SLAPP Motions and Did not Act to Preserve their Rights.

14        Plaintiffs argue that the failure to file oppositions to the anti-SLAPP motion

15  demonstrates gross negligence entitling them to relief under Rule 60(b)(6).  (ECF

16  No. 92-1 at 8:1-28.)  It is only when there has been abandonment, without

17  knowledge and an opportunity to protect their rights, that parties have been

18  relieved of judgment under Rule 60(b)(1).   Plaintiffs have not made the required

19  showing that they were somehow mislead that oppositions had been filed, when

20  they had not.   They were clearly informed of the anti-SLAPP motions and the

21  February 5, 2014 filing deadline for the oppositions.  (ECF No. 28-2, Schelsinger

22  Dec. ¶ 8.)

23        "As a general rule, parties are bound by the actions of their lawyers, and

24  alleged attorney malpractice does not usually provide a basis to set aside a

25  judgment pursuant to Rule 60(b)(1)." (*Casey v. Albertson's Inc.* (9th Cir. 2004)

26  362 F.3d 1254, 1260.)  As explained by the Supreme Court:

28        Petitioner voluntarily chose this attorney as his representative in the

1
2
3
4

> action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyeragent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'

5   (*Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship* (1993) 507 U.S. 380, 396

6   quoting, *Link v. Wabash R. Co.* (1962) 370 U.S. 626.)

7        Gross negligence by failing to file an opposition can create extraordinary

8   circumstances justify relief from judgment.   (*Cmty. Dental Servs. v. Tani* (9th Cir.

9   2002) 282 F.3d 1164, 1171.)   However, it is not just gross negligence by itself that

10  justifies reconsideration, but misleading the client in a way that deprives the client

11  of an opportunity to protect their rights.  For example, in *Cmty. Dental Servs. v.*

12  *Tani,* the court overturned entry of a default judgment not because of the failure to

13  file the necessary documents despite court warning, but Counsel's repeated

14  representation that he was properly handling the case.

15
16
17
18
19

> [The Attorneys told the Client he was] performing his responsibilities, thereby deliberately misleading him and depriving him of the opportunity to take action to preserve his rights. It was only after the district court had granted CDS's motion to strike Tani's answer and ordered a default judgment against him that Tani received his first inkling of Salmonsen's egregious performance and of his failure to provide him with the representation to which he was entitled.

20  (*Cmty. Dental Servs.*, *supra*,  282 F.3d at 1171.)

21        Similarly, in *Lal v. California*, not only did the attorney abandon the case,

22  but the attorney mislead the client, stating that the case was moving forward even

23  after the case was dismissed.  (*Lal v. California* (9th Cir. 2010) 610 F.3d 518, 525.)

24  In *Contasti v. City of Solana Beach*, cited by Plaintiffs, the attorney not only failed

25  to inform the client of the pending summary judgment, but failed to oppose it.

26  (*Contasti v. City of Solana Beach* (S.D. Cal. 2012)  2012 U.S. Dist. LEXIS 94603

27  at 9-10.)  The client did not learn his case was dismissed until well after the grant

28  of the summary judgment.  (*Id*. at 9.)

Unlike the *Cmty Dental Servs.*, *Lal*, and *Contasti* cases, Plaintiffs were clearly informed of the anti-SLAPP motions and pending deadlines for the opposition.  (See ECF 28-2 Schlesigner Dec. ¶ 8 (noting the Feb. 5, 2014 deadline).)  It is unclear the exact reasons that oppositions were not filed.  Perhaps it was a conscious choice based on the fact that "[t]hey were under the mistaken impression they could avoid the fee award because the lawsuit was not brought in 'bad faith'"  (ECF No. 92-1 at 6:2-4; See also ECF 92-2; Salinas Dec. ¶ 6.) Perhaps Plaintiffs and their Attorneys may have chosen to not expend dwindling resources on a doomed opposition.   Plaintiffs' Attorneys undoubtedly realized that filing an opposition to the anti-SLAPP would increase the fee award for the opposing attorney.  Failing to file an opposition with little chance of success is particularly valid strategy when Plaintiffs could not afford an attorney.  (See ECF 92-2; Salinas Dec. ¶ 6.)

Regardless, in light of Plaintiffs' attorney's <u>emergency</u> motion to withdraw, based in part on rapidly approaching deadlines, Plaintiffs cannot plead ignorance of the right to file oppositions to the anti-SLAPP motions.  (ECF Nos. 28-1, 28-2.) While Plaintiffs may have been mistaken about the financial impacts of the anti-SLAPP motion, this does not constitute a valid reason for reconsideration.   "Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel."  (*Latshaw v. Trainer Wortham & Co.* (9th Cir. 2006) 452 F.3d 1097, 1101.)  "Such mistakes are more appropriately addressed through malpractice claims."  (*Id.*)  The motion for reconsideration should be denied.

**D.   Plaintiffs Cannot Complain About the Denial of Discovery When they Failed to Move to Open Discovery Under California Code of Civil Procedure Section 425.16(g).**

Plaintiffs argue that order denying the TRO and limiting discovery was procedural error and that Attorney Chan's failure to challenge the order amounted

to "gross negligence"  (ECF. No. 92-1, 9:9-12.)  Plaintiffs not only misrepresent the Court's order, but they failed to show how discovery would have somehow created a meritorious defense to the anti-SLAPP lawsuits.

First, Plaintiffs conveniently ignored the portion of the TRO order that addressed discovery under the anti-SLAPP statute.  The order specifically states:

> The Court recognizes that Plaintiffs may need to seek discovery from the non-City defendants including APRL, which is currently stayed pursuant to Cal. Code Civ. P. § 425.16(g).  Judge Bartick is accordingly authorized to hear any motion made pursuant to that statute.

(ECF No. 13.)

Plaintiffs' attorney never moved to open discovery against defendants.  (ECF No. 92-1, 9:7-8.)  Under Section 425.16, "The court, on noticed motion and for good cause shown, may order that specified discovery be conducted notwithstanding this subdivision."   (Cal. Code Civ. Proc. § 425.16(g).)  Judge Bartick was specifically authorized to consider opening discovery.  However, no motion was ever filed, so Plaintiffs claim that discovery was somehow improperly denied is simply incorrect.

Plaintiffs, citing to *Rogers v. Home Shopping Network*, argue that the automatic stay in Section 425.16(g) conflicts with Federal Rules of Civil Procedure and therefore any stay in discovery is improper.  (*Rogers v. Home Shopping Network, Inc.* (C.D. Cal. 1999) 57 F. Supp. 2d 973, 980.)  Recent cases have strongly questioned the holding of *Rogers*.  For example, the Central District found that there was no conflict between Federal Rules of Civil Procedure, Rules 12 and 56 because Cal. Code of Civil Procedure 425.16 provided the potential for discovery.  (*New.Net, Inc. v. Lavasoft* (C.D. Cal. 2004) 356 F. Supp. 2d 1090, 1101-02.)[2]   The *New.Net* court held that the requirement to showing "good cause"

---

[2] See also *Magic Laundry Servs. v. Workers United SEIU* (C.D. 2013) 2013

did not conflict with Rule 56 procedures:

> [Rule] 56(f) requires affidavits setting forth the particular facts expected from the movant's discovery. Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment.

(*Id*. at 1101 quoting *Brae Transportation, Inc. v. Coopers & Lybrand* (9th Cir. 1986) 790 F.2d 1439, 1443.)  The court noted, similar to the requirement to showing under California's anti-SLAPP statute, in a motion of Rule 56(f), "The opposing party must explain with particularity why it is unable to oppose the motion, state with specificity what facts it intends to seek through discovery, and show how its discovery efforts are reasonably expected to create a triable issue." (*New.Net*, *supra*, at 1102.)  Finally, the *New.Net* court found that allowing discovery to continue would create the kind of forum shopping that the *Erie Doctrine* was designed to prevent.  (*Id*. at 1102.)

Even assuming that discovery had been allowed, the only factual issue that Plaintiffs identify is the presence or lack of presence of Defendant Bryan Pease and APRL at protests outside Plaintiffs' store.  (ECF No. 92-1, at 22-24.)  There is no explanation of how such fact would overcome the anti-SLAPP motion.   The lack of importance of such fact was discussed in detail by court in granting the anti-SLAPP motion.   "Speech activities, e.g., protests, generally enjoy Constitutional protections even on certain privately owned property such as a strip mall and its parking lot."  (ECF No. 52 at 6:15-25 citing *Lloyd Corp. v. Tanner* (1972) 407 U.S. 551 and others.)

Unlike in the *Rogers* case where plaintiff filed a motion to allow sufficient time for discovery, and unlike *New.Net* where discovery was actually propounded,

---

U.S. Dist. LEXIS 53296 at 7-8; *Global Telemedia Int'l, Inc. v. Doe 1*  (C.D. Cal. 2001) 132 F. Supp. 2d 1261, 1271.)

1  Plaintiffs did not seek or propound any discovery.  Reconsideration of the anti-

2  SLAPP motions cannot be based on the speculation that discovery might have

3  somehow or someway established merit to the case when Plaintiffs never

4  attempted to propound discovery.

5

6          **E.    Plaintiffs' Allegations of Procedural Errors Not Only Lack**
              **Merit, but Emphasize the Utter Lack of Merit of the**

7                **Plaintiffs' Complaint.**

8         Lacking any argument as to why their complaint is not an unmeritorious

9  SLAPP suit, Plaintiffs attempt to argue that defendant's anti-SLAPP motion was

10  somehow late.  (ECF No. 92-1 at 11:11 to 13:2.)   Plaintiffs' argument is that an

11  anti-SLAPP motion must be brought within 21 days of being served a summons.

12  (ECF No. 92-1 at 11:28 to 12:2 citing Rule 12(b).)  Plaintiffs cite to a section of

13  Rule 12(b) which states:  "Except as provided in Rule 12(h)(2) or (3), a party that

14  makes a motion under this rule must not make another motion under this rule

15  raising a defense or objection that was available to the party but omitted from its

16  earlier motion."

17         Defendants have found no cases which interpret 12(b)(6) in such a manner.

18  The case cited by Plaintiffs, *Rogers v. Home Shopping Network*, generally

19  discusses the potential availability of <u>discovery</u> during anti-SLAPP cases in

20  Federal Court.  (*Rogers v. Home Shopping Network, Inc.* (C.D. Cal. 1999) 57 F.

21  Supp. 2d 973, 980; but see *New.Net, Inc. v. Lavasoft* (C.D. Cal. 2004.)   356 F.

22  Supp. 2d 1090, 1102 (finding no conflict between CCP § 425.16 and Rules 12(g)

23  or 56.)   There is nothing in R*ogers* case that support that a 425.16 motion must be

24  brought in conjunction with a 12(b)(6) motion.  Federal Appellate cases discussing

25  section 425.16 hold that it is a separate motion:

26             Although Rules 12 and 56 allow a litigant to test the opponent's claims
           before trial, California's "special motion to strike" adds an additional,

27             unique weapon to the pretrial arsenal, a weapon whose sting is
           enhanced by a entitlement to fees and costs. Plainly, if the anti-SLAPP

28

10

provisions are held not to apply in federal court, a litigant interested in bringing meritless SLAPP claims would have a significant incentive to shop for a federal forum. Conversely, a litigant otherwise entitled to the protections of the Anti-SLAPP statute would find considerable disadvantage in a federal proceeding.

(*United States ex rel. Newsham v. Lockheed Missiles & Space Co.* (9th Cir. Cal. 1999) 190 F.3d 963, 973.)

Furthermore, the *Rogers* case, cited by Plaintiffs specifically states that the 60 day limitation for filing an anti-SLAPP motion does <u>not</u> conflict with Federal Rules of Civil Procedure. (*Rogers*, *supra*, 57 F. Supp. 2d at 982, fn.3.)   A special motion to strike can even be filed after 60 days, at the courts' discretion. (Cal. Code Civ. Proc. § 425.16(f); *New.Net supra*, 356 F. Supp. 2d at 1100.)  Defendant Bryan Pease (and Animal Protection and Rescue League) timely filed the motions to strike.

Plaintiffs' argument that defendants' anti-SLAPP motion was untimely and, therefore, should have been denied, serves to emphasize that the anti-SLAPP motions were properly granted.  The only "defenses" that have been presented by Plaintiff are procedural defenses that have questionable merit at best.  (See *Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.* (10th Cir. 1983) 715 F.2d 1442, 1445 (requiring a showing of meritorious defense for Rule 60(b) motion).) If the outcome of the motion for reconsideration is to simply re-animate a frivolous case that should never have been filed in federal court (or any court) in the first place, then reconsideration should be denied.

### F.   Reconsideration Would Create Substantial Prejudice Depriving Plaintiffs the Benefits of the Anti-SLAPP Statute.

SLAPP lawsuits are not really intended to prevail, but "are brought to deter common citizens from exercising their political or legal rights or to punish them for doing so." (*Batzel v. Smith*, *supra*, 333 F.3d at 1024.)  "[L]ack of merit is not of concern to the plaintiff because the plaintiff does not expect to succeed in the

11

lawsuit, only to tie up the defendant's resources for a sufficient length of time to accomplish plaintiff's underlying objective." (*Wilcox v. Superior Court* (1994) 27 Cal. App. 4th 809, 816 overruled on other grounds in *Equilon Enter. v. Consumer Cause, Inc.*(2002) 29 Cal. 4th 53.)  Thus, in response to a growing number of SLAPP lawsuits, the California Legislature created an expedited procedure for early dismissal of meritless first amendment cases.  (*Metabolife Int'l v. Wornick* (2001) 264 F.3d 832, 840.)

   The motion for reconsideration is designed to simply prolong meritless litigation.  Despite Plaintiff's failure to file an opposition, the court carefully analyzed the claims contained the complaint and found them to fall squarely into the provisions of California Anti-SLAPP Statute.  (ECF No. 52.)  Granting reconsideration would simply reinstate a meritless lawsuit for further briefing on the anti-SLAPP motions, thereby depriving the Defendants of the benefits of an expeditious procedure for disposing of meritless claims that target free speech.

   Compounding the harm is the fact that Plaintiffs have already initiated steps to avoid the judgment, such as dissolving corporate plaintiff, San Diego Puppy, Inc..  Having admitted to a history of not be able to afford attorneys, it is questionable whether such motion for reconsideration is a true attempt to get to trial, or simply a way to further frustrate Defendants efforts to collect the judgment.  (ECF 92-2; Salinas Dec. ¶ 6.)  Reconsideration will simply rack up additional fees without providing any additional security that defendants attorneys will ultimately get paid for opposing a meritless lawsuit targeting first amendment activities.

### G.   Defendants are Entitled to Attorneys' Fees and Costs for Opposing this Motion for Reconsideration.

   The grant of attorney's fees is mandatory under California's anti-SLAPP statute. (Cal. Code Civ. Proc. § 425.16; *Ketchum v. Moses* (2001) 24 Cal. 4th 1122, 1131.)  The right to attorney's fees under Section 425.16 does not end with the

ruling, but extends to the fee motion and to appeals of the fee motion.  (*Ketchum v. Moses* (2001) 24 Cal. 4th 1122, 1131; *Serrano v. Unruh* (1982) 32 Cal. 3d 621, 637 (*Serrano IV*).)   " [A Party] cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." (*Serrano IV* at 638, quoting *Copeland v. Marshall* (D.C. Cir. 1980) 641 F.2d 880, 904.) Responding to a very late filed motion for reconsideration challenging the anti-SLAPP motion and fee award would fall under actions necessary to establish and defend the fee claim.  (*Serrano IV*, *supra*, at 639; *York v. Strong* (2015) 234 Cal. App. 4th 1471, 1477-78.)   A supplemental fee motion will follow.

### III.  CONCLUSION

Based on their mistaken believe that they could avoid attorneys fees if the case was filed "in good faith", Plaintiffs allege gross negligence by their attorneys entitles them to relief.  They make no attempt to demonstrate that their complaint has merit or that it does not fall squarely within the provisions of the anti-SLAPP statute.  Instead, they claim that had they been allowed to conduct unlimited discovery (which they never applied for), or filed an opposition, they could have attacked the anti-SLAPP motions on procedural grounds.  Granting reconsideration would simply reinstate a meritless lawsuit that could not be amended to state a claim after two attempts.  There is no legitimate reason that defendants should be continued to burdened by a lawsuit solely designed to punish them for participating in the democratic process.

SINGLETON LAW FIRM, APC
LAW OFFICE OF TODD T. CARDIFF

Dated:  November 27, 2014                    By:    */s/ Todd T. Cardiff*
                                                            GERALD SINGLETON
                                                            TODD T. CARDIFF
                                                            Attorneys for Defendant BRYAN PEASE

13

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that I am over the age of 18 years and not a party to this action. I caused the foregoing

**DEFENDANT BRYAN PEASE'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

to be served on all parties who have appeared in the action, by electronic filing, through the Federal Courts' CM/ECF system.

I also certify, under penalty of perjury, that the foregoing is true and correct. Executive this 27th day of November, 2015.

By:    */s/ Todd T. Cardiff*
      Todd T. Cardiff