1  RIDGEWAY LAW, PLC
   Christopher M. Ridgeway, Esq. (Cal Bar No: 270673)
2  4640 Admiralty Way, Suite 500
   Marina del Rey, CA  90292
3  Telephone:  (310) 496-5845
   Facsimile:  (310) 496-1924
4  E-mail: Chris@RidgewayLawFirm.com

5

6  Attorneys for Plaintiffs,
   David Salinas and Veronica Salinas

7

8
                    **UNITED STATES DISTRICT COURT**
9
                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

11 | OCEANSIDE PUPPY, INC., *a California Corporation*; DAVID SALINAS, *an Individual*; VERONICA SALINAS, *an Individual*, | Case No.: 3:13-cv-02783-BTM-DHB |
   |---|---|
   | Plaintiffs, | **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION** [Fed. R. Civ. P. 60(b)] |
   | v. | Assigned to: Judge Barry Ted Moskowitz |
   | CITY OF SAN DIEGO, *a California Municipality*; SAN DIEGO ANIMAL DEFENSE TEAM, *a Business Entity of Unknown Form*; ANIMAL PROTECTION AND RESCUE LEAGUE, *a California 501(c)(3) Corporation*; COMPANION ANIMAL PROTECTION SOCIETY, *a Delaware Non-Profit Corporation*; BRYAN PEASE, *a California Resident*; SAN DIEGO HUMANE SOCIETY; BLACK CORPORATION 1-100; WHITE PARTNERSHIPS 1-100; and DOES 1-300, *inclusive*, | Referred to: Magistrate Judge David H. Bartick  Date Filed: 11/25/2013  Date Terminated: 6/12/2015  Hearing Date: 12/11/2015  Hearing Time: 11:00 a.m. |
   | Defendants. | |

///

///

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Summary of Arguments in Rebuttal

Defendants have, in large part, misconstrued Plaintiffs' Motion for Reconsideration. Plaintiffs do not seek to "re-litigate" the anti-SLAPP motions, or "re-animate" the underlying case, as Defendants argue in their opposition briefs. Plaintiffs merely ask that the order granting the anti-SLAPP motions be set aside, and the order granting attorney's fees be denied as moot.

The opposition briefs spend considerable time arguing Plaintiffs should not be entitled to relief due to "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1), but Plaintiffs never asked for relief under that provision. Plaintiffs seek relief under Rule 60(b)(6) because gross attorney negligence by their former attorney is considered an "other reason justifying relief."

All three Defendants also argued the motion is untimely because it was not brought within one year of the order for which reconsideration is sought. Defendants again misconstrue Plaintiffs' position. The one-year deadline only applies to relief sought under subdivisions (b)(1), (2), and (3) of Rule 60. Fed. R. Civ. P. 60(c)(1). Again, Plaintiffs' motion is based on Rule 60(b)(6). Thus, Plaintiffs only have to show the motion was brought "within a reasonable time". Fed. R. Civ. P. 60(c)(1).

### II. Plaintiffs Should Not Be Punished for Their Attorney's Abandonment

Plaintiffs run a pet store and have virtually no legal education or training. They hired Ms. Schlesinger and Ms. Chan because animal rights activists were launching a vicious attack on their livelihood and personal reputations. Plaintiffs' lawsuit was not some evil strategy to silence Defendants' First Amendment Rights. It was an attempt to stop animal rights activists from defaming Plaintiffs. The problem was, their attorneys drafted the complaint in such a way that anti-

SLAPP motions were a virtual certainty. Even if Ms. Chan did not anticipate anti-SLAPP motions, it was pretty obvious they were forthcoming after Defendants APRL and Pease noticed their motions on November 27, 2013 and December 2, 2013, respectively. Any reasonably competent attorney would have taken the time to review the complaint and check whether it was susceptible to an anti-SLAPP motion at that point. Had Ms. Chan done so, she could have dismissed the case without prejudice and revisited Plaintiffs' strategy without the risk of a fee award. Instead, she provided no assistance whatsoever and completely abandoned Plaintiffs.

Plaintiffs were entitled to rely on their attorneys' judgment in selecting their legal strategy. Unbeknownst to Plaintiffs at the time, the complaint was overly complicated, failed to state a cause of action, and all but paved the way for slam-dunk anti-SLAPP motions. Plaintiffs were never warned that Defendants could file anti-SLAPP motions, let alone the severe consequences of losing them.

Ms. Chan's utter and complete failure to educate and counsel Plaintiffs throughout this litigation "vitiat[ed] the agency relationship that underlies our general policy of attributing to the client the acts of his attorney." Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1171 (9th Cir. 2002)

### III.  Plaintiffs Do Not Seek Relief Under Rule 60(b)(1)

The opposition briefs argue Plaintiffs' motion should not be granted because they have not demonstrated "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1). However, Plaintiffs to not seek relief under that provision. Plaintiffs' motion is based on Rule 60(b)(6). It is unclear why Defendants spent so much time arguing against at Rule 60(b)(1) motion.

### IV.  Plaintiffs' Motion is Timely

The most frequently argued point in Defendants' opposition briefs is that Plaintiffs' motion is untimely. Although it is true that much time has passed

since the anti-SLAPP motions were granted, Rule 60(b) motions are unavailable before final judgment. The Notes of Advisory Committee on Rules—1946 Amendment for Rule 60 state "interlocutory judgments are not brought within the restrictions of [Rule 60(b)]." There does not appear to be any way a party can obtain relief form harm caused by his or her attorney's gross negligence *other* than by filing a Rule 60(b)(6) motion. According, any delay in bringing the motion before final judgment was entered on September 28, 2015 is inconsequential.

The delay between judgment and Plaintiffs' motion is justified by the complexity of the case, the relatively lengthy docket, and the inability of Ms. Chan to shed any light on the case. (See Declaration of Christopher M. Ridgeway, ECF No. 92-3 at ¶¶ 3-4.)

Finally, Defendants will not suffer any prejudice by court's consideration of this motion. The judgment is not stayed. Defendants are actively enforcing the judgment. (See ECF Nos. 88-91, 102-103.) Considering the merits of this motion will not cause any unjust prejudice to the Defendants whatsoever.

### V. Deceit is Not Required for Relief Under Rule 60(b)(6) for Gross Attorney Negligence

Defendant Pease, and, to a lesser extent, CAPS, appear to argue that fraud or deceit is a prerequisite for relief under Rule 60(b)(6) for gross attorney misconduct. (ECF No. 97, p. 6:12-15; ECF No. 99, p. 5:18-20.) There is no legal support for this position.

Although Lal v. California and Community Dental Services v. Tani cases may have both had elements of deceit by the attorneys in question, nothing in those decisions suggest it is a prerequisite for relief under Rule 60(b)(6). A client need only "demonstrate[] gross attorney negligence on the part of his counsel" to justify relief under Rule 60(b)(6). Tani, 282 F.3d at 1169. Attorney abandonment of the sort perpetrated by Ms. Chan remains a viable basis for

granting such motions. Id. at 1170 (Granting relief because attorney negligence was so extreme he "virtually abandoned" Tani.]

## VI. Conclusion

As stated in Plaintiffs' moving papers, Plaintiffs were roped into filing a lengthy and complicated complaint by their former attorneys, who they trusted to protect them from catastrophic failures such as this. The complaint did not even state a cause of action. Anti-SLAPP motions were virtually guaranteed to get granted, and Ms. Chan had ample notice such motions would be filed. Nevertheless, she completely abandoned Plaintiffs to fend for themselves. As a result, Plaintiffs got stuck with a massive attorney's fee judgment.

Plaintiffs are sympathetic to Defendants' position regarding their litigation expenditures in this case. However, Plaintiffs will be in financial ruin if they wait for the malpractice case against Ms. Chan (which will be filed shortly) to run its course. Defendants are wasting no time enforcing the judgment and have already levied Mr. Salinas' bank accounts. Relief by way of this motion appears to be Plaintiffs only means of avoiding the catastrophic financial consequences of Ms. Chan's gross negligence.

Dated: December 04, 2015        **RIDGEWAY LAW, PLC**

By: _/s/ Christopher M. Ridgeway_
    Attorneys for Plaintiffs
    David Salinas and Veronica Salinas