UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO PUPPY, INC., a California corporation; DAVID SALINAS and VERONICA SALINAS, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO ANIMAL DEFENSE TEAM, business entity of unknown form; ANIMAL PROTECTION AND RESCUE LEAGUE, a California 501(c)(3) corporation; COMPANION ANIMAL PROTECTION SOCIETY, Delaware non-profit corporation; BRYAN PEASE, a California resident,<br><br>Defendants. | Case No.: 13-cv-2783-BTM-DHB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING MOTION FOR ATTORNEY'S FEES** |

Plaintiffs have filed a motion for reconsideration of the Court's Order granting Defendants' special motions to strike under Cal. Civ. Proc. Code § 425.16 and the Court's Order granting attorney's fees related to the special motions to strike.

1

13-cv-2783-BTM-DHB

Plaintiffs argue that they are entitled to relief under Federal Rule of Civil Procedure 60(b)(6) because Plaintiffs' former attorney Carolyn Chan ("Chan") failed to oppose Defendants' special motions to strike and failed to inform Plaintiffs of the risk posed by the attorney's fee provision in Cal. Civ. Proc. Code § 425.16. Gross negligence by counsel amounting to "virtual abandonment" can be an "extraordinary circumstance" that justifies relief under Rule 60(b). Mackey v. Hoffman, 682 F.3d 1247, 1251 (9th Cir. 2012) (citation omitted). Gross negligence is defined as "neglect so gross that it is inexcusable," and "vitiates the agency relationship that underlies our general policy of attributing to the client the acts of his attorney." Id. (citation omitted). Plaintiffs assert that Chan committed gross negligence and abandoned Plaintiffs by not opposing the special motions to strike. The Court finds that Plaintiffs have not made a requisite showing that they are entitled to relief under the theory that Chan committed gross negligence because Plaintiffs were on notice that Chan had withdrawn as their attorney of record and Plaintiffs chose to move forward with the case pro se. Id. at 1252-53 (client typically bears risk of attorney's negligent conduct unless attorney abandons client without notice).

Defendant Bryan Pease also filed a motion for reconsideration of the Court's Order granting in part and denying in part motions for attorney's fees as it pertains to attorney Gerald Singleton's hourly rate. The Court ordered the Singleton Law Firm to supplement the record. Attorney Gerald Singleton provided the Court with

copies of standard retainer agreements that he uses, affidavits of other attorneys regarding prevailing fees in the community, and rate determinations in other cases in the Southern District of California.  See United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990) (affidavits of attorneys regarding prevailing fees in the community, and rate determinations in other cases are satisfactory evidence of prevailing market rate).  The Court finds that Singleton's requested rate of $650 per hour is in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.  Therefore, the Court amends its Order granting in part and denying in part motions for attorney's fees only as it pertains to Singleton's hourly rate.  The Court allows the recovery of 8.65 hours worked by Singleton at $650 per hour ($5622.50).  This results in an additional fee recovery of $1946.25.

For the reasons discussed above, Plaintiffs' motion for reconsideration is **DENIED** and Defendant Bryan Pease's motion for reconsideration is **GRANTED**.  Defendants are entitled to attorney's fees under Cal. Civ. Proc. Code § 425.16 for their oppositions to Plaintiffs' motion for reconsideration of the Court's Order granting Defendants' special motions to strike.  Christian Research Inst. v. Alnor, 165 Cal. App. 4th 1315, 1320 (2008) (appellate challenges concerning motion to strike also subject to award of fees).  The Court awards Defendant Companion Animal Protection Society attorney's fees in the amount of $4,250.00.  Defendants

Bryan Pease and Animal Protection and Rescue League may each file a motion for attorney's fees and costs within fourteen (14) days of the entry of this Order. Failure to do so shall be deemed a waiver of fees and costs.  Plaintiffs must file their opposition within twenty-one (21) days of the entry of this Order.

**IT IS SO ORDERED.**

Dated:  March 17, 2016

_____
Barry Ted Moskowitz, Chief Judge
United States District Court